WILKINSON *v.* HUTTO.

(Division B.   May 5, 1930.)

[128 So. 93.   No. 28681.]

**M. D. Brown,** of Gulfport, for appellant.

**J. C. Ross,** of Gulfport, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

One George Murot, alias George Myrick, was convicted in the city court of Columbia, Mississippi, of an offense, and appealed to the circuit court of Marion county with Mrs. I. E. Tollefson, Sigmund F. Tollefson, Joe Jolly, C. Wilkinson, and Elmer Collins, as sureties. Murot failed to appear, judgment nisi was taken against him and his sureties in the circuit court, and process issued for cause to be shown why the judgment should not be made final. There being no cause shown to the contrary, the judgment was made final at the next term of the circuit court, and entered for the use and benefit of the city of Columbia. Thereafter an execution was issued on each of the judgments, there being two of two hundred dollars each, to the sheriff of Harrison county, but through negligence or inadvertence the execution was pigeonholed and not executed by the sheriff or his deputy. At the next succeeding term of the circuit court of Marion county a motion was filed against the sheriff for the amount of the judgments, costs, and statutory damages. While this suit was pending, negotiations were entered into between Hutto and the mayor and board of aldermen and their attorneys, which resulted in an assignment to Hutto of the two judgments by the city, with a stipulation in the contract of assignment that the pro-

ceedings against the sheriff should be dismissed with prejudice, and that the city should assign its rights in the judgment to Hutto but without recourse on the city for the money so paid. Judgment was entered in the circuit court in accordance with the agreement dismissing the suit against the sheriff with prejudice. Thereafter Hutto caused an execution to be issued against the said defendants, among whom was C. Wilkinson, who resides in Harrison county. This execution was levied upon certain lands in Harrison county, and said lands were sold together with certain judgments, and purchased by Hutto. At the term of the circuit court of Marion county to which the execution was returnable, a motion was made to quash the execution upon the said judgments, and the sale thereunder, in which petition or motion to quash it was alleged that the execution was issued upon the judgment and directed to the sheriff of Harrison county, which the sheriff negligently failed to return, and a motion was made against the sheriff and the sureties on his bond for failure to do so. While the said motion was pending, an agreement was entered into between the city authorities and sheriff and Hutto by which the judgment was paid by Hutto, and an attempted assignment made to him of the said judgment; and it was alleged that this attempted assignment was void because the city had no authority to make the sale thereof, or to trade the said judgment to Hutto, as it had been paid by the sheriff and satisfied, and that there was no authority in law for the city to make the said sale because the sheriff of Harrison county was intended as a beneficiary of said assignment, and that said Hutto was being used by the said sheriff as a means of conveying the said judgment, all of which were alleged to be void and contrary to public policy, and that the judgment had been satisfied.

It was further alleged that the execution was issued to the sheriff of Harrison county subsequent to the alleged assignment, and that it was void because the judgment was void for the reason above stated, and also void be-

cause no cost bill was attached to the execution or to either of them, as provided by law, and because they show on their face that the sheriff of Harrison county had paid part of the said judgment, and was therefore an interested party, and could not execute said writs of execution; wherefore the writ of execution was prayed to be quashed, etc.

This motion to quash was demurred to, and the demurrer sustained, and, the movant declining to plead further, final judgment was entered in favor of Hutto sustaining the validity of the sale under the execution.

The first contention by the appellant is that it is contrary to public policy to have the judgment assigned, and that the city had no authority to assign it, and that, when Hutto paid the money into the city, it operated as a satisfaction of the judgment because it was alleged to be in the interest of the sheriff. By section 3186 of Hemingway's 1927 Code, section 3975, Code of 1906, it is provided: ''The assignee of a judgment, where the plaintiff has died, may have execution thereof for his use as if such death had not occurred, upon filing with the clerk his affidavit of the death of the plaintiff and the assignment of the judgment; and, where the plaintiff has not died, the assignee of a judgment may have an execution for his use in the same manner.'' The statute recognizes the validity of an assignment of a judgment, and we think the city had the power to make the assignment of a judgment in its favor, it being shown that the city received the full amount of the judgment rendered.

By section 3292 of Hemingway's 1927 Code, section 4669, Code of 1906, it is provided: ''Every sheriff, by himself or his deputy, shall from time to time execute all notices, writs, and other process, both from courts of law and chancery, and all orders and decrees to him legally issued and directed within his county, and shall make due returns thereof to the proper court; and if any sheriff fail herein, he shall, for every offense, be fined by the court to which the writ or process, order or decree, is returnable, in any sum not exceeding one hundred dol-

lars, on motion, five days' previous notice thereof being first given to said sheriff; and may be arrested and committed to jail until payment of the fine and cost; and the sheriff and his sureties shall likewise be liable to the action of the party aggrieved by such default, for all damages sustained thereby, and also to all other penalties provided by law for such offenses.''

Section 3293 of Hemingway's 1927 Code, section 4670, Code of 1906, provides that, if any sheriff, coroner, or other officer shall fail to return any execution to him directed, on the return day thereof, the plaintiff in execution shall be entitled to recover judgment against the sheriff, coroner, or other officer and his sureties, for the amount of the execution and all costs, with lawful interest thereon until the same shall be paid, with five per centum on the full amount of the judgment for damages, to be recovered by motion, etc., and the statute provides: ''But after the sheriff, coroner, or other officer or his sureties shall have paid the amount of money and damages recovered, then the original judgment and execution shall be vested in the officer or his sureties paying the recovery and damages, for his or their benefit; and execution may issue on the original judgment, in the name of the plaintiff, for the use and benefit and at the cost and charges of the officer or his sureties in whom the judgment may be so vested.''

It will be seen from this last section that, after the sheriff pays the judgment, he becomes, by operation of law, an assignee thereof as against the judgment debtor, and may have execution, etc., against the judgment debtor. It is therefore not contrary to public policy, but specifically in support of public policy, that, where the sheriff pays the judgment, it is assigned by operation of law to him so far as the judgment debtor is concerned. The sheriff's failure to execute in no wise prejudices him, and neither does the assignment of the judgment to the officer or to a third person. The debtor still owes the debt. Therefore there was nothing in the law to prohibit Hutto from acquiring the judgment by assignment. However, it was error for the court below to sustain the demurrer

to the motion to quash because no bill of costs, itemized as required by law, was attached to the execution. Section 697 of Hemingway's 1927 Code, section 973, Code of 1906, provides: ". . . And to every execution shall be annexed a copy of the bill of costs, specifying the particular items thereof, in intelligible words and figures, and each section of the law, and, if any, each paragraph or subdivision of section by virtue of which each item therein is charged; and all such executions issuing without the copy of such bill of costs shall be illegal, and the sheriff or other officer shall not execute the same."

Section 698 of Hemingway's 1927 Code, section 974, Code of 1906, provides: "On all executions in which any costs are included, a detailed statement of such fees or costs in plain and intelligible words and figures, and of each section of the law, and, if any, each paragraph or subdivision of section by virtue of which each item thereof is charged, shall be entered therein or annexed thereto; and the sheriff or other officer receiving the same shall add thereto, in like manner, his fees, including all additional fees and costs, and shall make out a fair copy of the same and deliver it, on demand, to the person from whom he receives the money or out of whose property he makes the same."

It will be seen from the statute that an execution without an itemized bill of costs attached to it is illegal, and the sheriff or other officer is prohibited from executing the same. As the motion to quash alleges that there was no cost bill attached to the execution, or either of them, it is void, and the sale made thereunder, of course, is void. As the demurrer admitted these allegations to be true, the court was in error in sustaining the demurrer to the motion to quash, and the judgment will be reversed and the cause remanded, with leave to the appellee to plead thereto within thirty days from the receipt of the mandate in the court below, or at the next term of the court, should such term be held in less than thirty days from receipt of the mandate.

Reversed and remanded.