### RILEY v. STATE.

(Division B. June 1, 1936.)

[168 So. 475. No. 32239½.]

F. R. Horne and R. T. Crocker, both of Jackson, for appellant.

E. R. Holmes, Jr., Assistant Attorney-General, for the state.

Argued orally by **F. R. Horne** and **R. T. Crocker**, for appellant.

**Ethridge, P. J.,** delivered the opinion of the court.

This is an appeal from a judgment overruling a motion to quash an execution levied upon the home of the appellant. The execution was for certain costs accruing in a criminal case. An indictment was returned against Henry Earl Garrett and another for burglary, and he was tried and convicted for said offense at the July, 1932, term of the circuit court of Scott county, but sentence was deferred until a subsequent term, and he was allowed bond for his appearance to answer said charge, and the appellant, Rebecca Riley, Velma Ware, Ben Riley, and Coleman Ammons, became sureties on said bond. On March 7, 1933, Garrett was called upon his bond and failed to appear; consequently, judgment nisi was rendered against him and his bondsmen forfeiting the bond, and capias pro finem issued for Henry Earl Garrett commanding the sheriff "to take the body of

the said Henry Earl Garrett and him safely keep in the jail of your county until deferred sentence, costs as taxed, and costs to accrue under this writ, to be taxed by you, shall be paid in full," etc., dated July 7, 1933. Summons were issued for the sureties on the bond, returnable on the first day of the October, 1933, term, which summons were returned executed.

The sheriff of Scott county filed a statement of expenses at the October, 1933, term of the circuit court of Scott county, for transporting Henry Earl Garrett from Chicago, eight hundred sixty-five miles at twenty cents per mile, one hundred seventy-three dollars, amount paid jailer at Chicago, seven dollars, making a total of one hundred eighty dollars. This statement was approved by the district attorney, allowed and ordered paid by the circuit judge, but this order does not show whether it was to be paid out of the county treasury, or taxed against Henry Earl Garrett.

On October 12, 1933, an order was entered making final the judgment against the bondsmen, and ordering execution against them for the full sum of five hundred dollars, the face of the bail bond. An alias execution, as appears from the record, was issued commanding the sheriff "to have said moneys before said circuit court on the first Monday of October, A. D., 1935," on which the sheriff made the following return: "I have this day executed the within writ of execution on the following described land and real estate, to-wit; House and ¼ acre and lot in S. W. ¼ of N. E. ¼, in Section 15, Township 6, Range 8, East, otherwise known as the Freeman place in the city of Forest, Scott County, Mississippi, advertising same in the News Register for sale on the 7th day of October, 1935, to satisfy said execution. This the 12th day of September, 1935." This execution has no copy of the itemized costs attached thereto, nor does the record contain any other judgment than

the one referred to making final the judgment nisi for forfeiture of the bail bond.

The clerk of the circuit court certifies that the record contains a true and correct transcription of all pleadings, orders, etc., in his office in connection with the case at bar.

It will be noted from the above statement that the execution issued and served by the sheriff contained no itemized bill for costs as required by section 689, Code 1930, providing that: "To every execution shall be annexed a copy of the bill of costs, specifying the particular items thereof, in intelligible words and figures, and each section of the law . . . by virtue of which each item therein is charged; and all such executions issuing without the copy of such bill of costs shall be illegal, and the sheriff or other officer shall not execute the same."

The execution in the case at bar purports to be for costs, and as it did not have the items of the bill set out, and the section, or paragraph of such section, by virtue of which the items are charged, it is an illegal execution, and the sheriff was forbidden to levy it, consequently the motion to quash should have been sustained. Wilkinson v. Hutto, 157 Miss. 358, 128 So. 93.

Appellant contends that there was no authority to tax her with the costs of transporting Garrett from Chicago to Scott county, Miss.; that the judgment of the court below was final against the appellant; and that no additional sum could be charged against her. It would appear that the judgment for five hundred dollars, being the full penalty of the bond, would be the measure of all liability of the bondsmen. The execution does not appear to conform to this judgment making the nisi judgment final, and no judgment is contained in the record against the appellant other than that one. It may be that some other judgment was rendered, but we must act upon the certificate of the clerk that the

record contains all the proceedings.

The judgment will, therefore, be reversed, the execution quashed, and all the proceedings thereunder declared void.

Reversed, and judgment here for the appellant.